IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON LACASSE and ANGELA LACASSE

    Plaintiffs,

v.

USAA GENERAL INDEMNITY COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE,** that Defendant, USAA GENERAL INDEMNITY COMPANY, a Texas corporation, hereby files, pursuant to 28 U.S.C.§ § 1441 and 1446, this Notice of Removal of this civil action from the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida to the UNITED STATES DISTRICT COURT for the Middle District of Florida. Removal is made pursuant to 28 U.S.C.§ 1332(a) on the basis of diversity of citizenship. The grounds for removal are stated as follows:

## INTRODUCTION/FACTUAL BACKGROUND

1. On March 23, 2023, Jason Lacasse and Angela Lacasse ("Plaintiffs") filed a lawsuit in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, styled *Jason Lacasse and Angela Lacasse v. USAA General indemnity Company*, Case No. 2023 CA 003512 NC (hereinafter "State Court Action"). A copy of the Complaint is attached hereto as Exhibit "A."

2. Defendant, USAA General Indemnity Company ("USAA"), is a foreign corporation, organized under the laws of the State of Texas with its principal place of business

located at 9800 Fredericksburg Rd., San Antonio, TX, 78288. Therefore, USAA is considered a citizen of the State of Texas.

3. Plaintiffs allege they reside in North Port within Sarasota County, Florida. Therefore, Plaintiffs are considered citizens of the State of Florida. (See Exhibit "A" at Paragraph 3).

4. In their Complaint, Plaintiffs allege that USAA breached a homeowner's insurance policy by failing to make certain payments which they allege are due and owing under said policy, in relation to claimed damage to their property.

5. As to the amount in controversy, Plaintiffs' Complaint only states that damages exceed the amount of $50,000 (See Complaint at Paragraph 1). Since Plaintiffs made an unspecified demand for damages in their state court pleading, the Defendant must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the threshold requirement of 28 U.S.C. § 1332. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

6. Plaintiffs provided a purported estimate of their claimed damages prepared by Five Star Claims Adjusting for a total figure of $161,066.36; therefore, USAA reasonably anticipates that Plaintiffs are seeking damages for the amount of their estimate.[1] See Plaintiffs' estimate attached as Exhibit "B."

7. To date, USAA has issued payments totaling $13,141.31 for the subject claim; leaving an additional disputed amount of $147,925.05 being claimed by Plaintiffs as their damages.

---

[1] Defendant denies that Plaintiffs' purported estimate of damages prepared by their public adjuster sets forth the appropriate scope of any damages.

8. USAA was served with a copy of the Complaint on April 7, 2023. Therefore, this Notice of Removal is being filed within thirty days of receipt by USAA of information from which it could first ascertain that the case is removable pursuant to 28 U.S.C. § 1446(b).

## **GROUNDS FOR REMOVAL**

9. This Court has removal jurisdiction over Plaintiffs' claims under 28 U.S.C.§ 1332, as the matter in controversy exceeds the sum of $75,000.00, and complete diversity exists between the parties.

10. "When a plaintiff files in state court a civil action over with the federal district courts would have original jurisdiction based on diversity of citizenship, the Defendant may remove the action to federal court." *Caterpiller, Inc. v. Williams,* 519 U.S. 61, 68 (1996).

11. In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act ("JVCA"), which "clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). As a general rule under the JVCA, when removal is based upon diversity of citizenship jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, as an exception to the rule, notices of removal may assert the amount in controversy if the initial pleadings seeks a money judgment, "but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded" and "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Id.* §§ 1446(c)(2)(A), (B).

12. Notices of removal must plausibly allege the jurisdictional amount under 28 U.S.C. § 1332, not prove the amount. *Dart,* 135 S. Ct. at 554.

13. Diversity of citizenship jurisdiction exists in this case because: (1) the parties are completely diverse; (2) upon information and belief, Plaintiffs are citizens of the State of Florida; (3) USAA is a citizen of the State of Texas; and (4) the amount in controversy exceeds $75,000.

14. Additionally, Defendant is incorporated in Texas and has its principal place of business in Texas. *Bel-Bell Intern Corp., v. Community Bank of Homestead,* 162 F. 3d 1101 (11th Cir. 1998).

15. In paragraph 2 of the Complaint, Plaintiffs allege that they "at all material time relevant to this Complaint, Plaintiffs have been and are the owners of real and personal property in the State of Florida . . . ." See Exhibit "A."

16. While Plaintiffs' Complaint does not demand any particular sum, Florida practice permits recovery in excess of the amount demanded in the Complaint.

17. Furthermore, Plaintiffs also seek to recover attorney's fees under Florida Statute § 627.428.[2] Notably, the Eleventh Circuit has stated that "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see Lutz v. Protective Life Ins. Co.*, 328 F. Supp. 2d 1350, 1356 (S.D. Fla. 2004)(providing that "[i]t seems likely that a 'reasonable amount' would include more than just those fees induced before removal").

18. Even without considering Plaintiffs' demand for attorney's fees, the amount of the claimed damage alone easily exceeds $75,000; therefore, the Plaintiffs' demand for attorney's fees would only increase the amount in controversy.

---

[2] Defendant disputes any entitled to fees under Florida Statute § 627.428 as Defendant is a surplus line insurer and not subject to Fla. Stat. 627.428.

18. Regardless, as stated above, Plaintiffs have submitted an estimate as well as a sworn statement, both of which are in excess of $75,000.00, in addition to a demand for attorney's fees and costs.

19. The subject property is located at *4420 Arley Rd, North Port, Florida 34288,* which is within the jurisdiction of the United States District Court for the Middle District of Florida. Accordingly, the District Court for the Middle District of Florida is the proper venue for this action pursuant to 28 U.S.C.§ 1391.

## **REMOVAL IS PROCEDURALLY PROPER**

23. Pursuant to 28 U.S.C. § 1446(a) and the Local Rules, removal to the United States District Court for the Southern District of Florida is proper because this is the federal district court for the district and division encompassing the place where the state court suit is pending.

24. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon USAA are being filed with this Notice of Removal.

25. Pursuant to 28 U.S.C. § 1446(d), to effectuate the removal of this civil action, written notice of the filing of this Notice of Removal will be given to Plaintiffs, and a copy of this Notice of Removal will be filed with the clerk of the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida.

26. In filing this Notice of Removal, USAA reserves any and all defenses, objections, and exceptions, including without limitation, those relating to Plaintiffs' standing, Plaintiffs' failure to state a claim upon which relief can be granted, jurisdiction, venue and statutes of limitations.

27.     Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant shall file its Answer and/or present its defenses or objections to the Complaint within seven days of the filing of this Notice of Removal.

**WHEREFORE**, Defendant, USAA GENERAL INDEMNITY COMPANY, respectfully requests that the above action, captioned as *Jason Lacasse and Angela Lacasse v. USAA General indemnity Company*, Case No. 2023 CA 003512 NC, be removed to this Court.

Respectfully submitted, this 5th day of May, 2023.

By: s/ *Frank A. Samiter*
George A. Hooker, Esquire
Fla. Bar No.: 88276
Dania Battle, Esquire
Fla. Bar No.: 74873
Frank A. Samitier, Esquire
Florida Bar No.: 1010855
Cole, Scott & Kissane, P.A.
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33156
Telephone: (305) 350-5372
Facsimile: (305) 373-2294